**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERMAINE DUNBAR, et al.,

    Plaintiffs,

    v.

NATIONAL RAILROAD PASSENGER CORP.
d/b/a AMTRAK, et al.,

    Defendants.

CIVIL ACTION NO. 10-3924 (MLC)

**O P I N I O N**

**COOPER, District Judge**

    The plaintiffs have brought the action against, <u>inter</u> <u>alia</u>,
the defendants NBK Holdings LLC ("NBK"), Willow No Inc. ("Willow"),
the so-called "Amtrak Defendants" -- i.e., National Railroad
Passenger Corp. d/b/a Amtrak and Frederick D. Hill -- and the
fictitious defendants, "John Does 1-40" and "ABC Corp.
1-20 and 22-30". (<u>See</u> dkt. entry no. 35, 2d Am. Compl.)[1]

---

[1] The action, insofar as it was brought against the other
defendants, was earlier dismissed without prejudice. (<u>See</u> dkt.
entry no. 47, 10-13-11 Order (dismissing the action insofar as it
was brought against Angelo Pacillo, Mary Pacillo, and the entity
pleaded as Joyce Kilmer Associates, LLC); dkt. entry no. 61, 9-26-
12 Stipulation of Dismissal (dismissing the action insofar as it
was brought against H&G Contractors Incorporated); dkt. entry no.
63, 11-28-12 Stipulation of Dismissal (dismissing the action
insofar as it was brought against Charles W. Amos); dkt. entry no.
68, 3-6-13 Stipulation of Dismissal (dismissing the action insofar
as it was brought against the County of Middlesex); dkt. entry no.
71, 3-22-13 Stipulation of Dismissal (dismissing the action insofar
as it was brought against the Township of New Brunswick); dkt.
entry no. 73, 4-12-13 Order (dismissing the action insofar as it
was brought against the State of New Jersey).)

## I.    NBK AND WILLOW

### A.  Federal Rule of Civil Procedure 4(m)

The Second Amended Complaint was filed on May 26, 2011.  (See 2d Am. Compl.)  It was not accompanied by a certificate of service, and no certificate of service was later filed.  The plaintiffs have thus prevented the Court from ascertaining whether the Second Amended Complaint was served on NBK and Willow.[2]

"If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed.R.Civ.P. 4(m).  Thus, the Court will dismiss the Second Amended Complaint insofar as it is asserted against NBK and Willow unless the plaintiffs establish that service has been effected upon them.  See Demos v. President of U.S., 365 Fed.Appx. 341, 342 (3d Cir. 2010); Sykes v. Blockbuster Video, 205 Fed.Appx. 961, 963-64 (3d Cir. 2006); Liu v. Oriental Buffet, 134 Fed.Appx. 544, 546 (3d Cir. 2005).

### B.  Local Civil Rule 41.1(a)

It appears from the Court's sua sponte review of the docket that the action has been pending, insofar as it was brought against

---

[2] It appears, by contrast, that the Second Amended Complaint was served on the Amtrak Defendants.  The Amtrak Defendants have answered the Second Amended Complaint.  (See dkt. entry no. 39, Amtrak Defs.' Answer & Crossclaims.)

both NBK and Willow, for more than 120 days without the plaintiffs having prosecuted the action. The plaintiffs have not, through the documents already appearing on the docket, explained the apparent lack of prosecution.

The Court will thus dismiss the Second Amended Complaint insofar as it was brought against both NBK and Willow unless the plaintiffs take steps to prosecute the action against NBK and Willow. See L.Civ.R. 41.1(a); see also Fed.R.Civ.P. 41(b). The Court is authorized to impose harsh penalties when enforcing the Local Civil Rules. See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); see also McCann v. Unum Provident, No. 11-3241, 2013 WL 396182, at *3 (D.N.J. Jan. 31, 2013) (citation omitted) ("Given the vital purpose that such rules serve, litigants ignore them at their peril.").[3]

### C. The Plaintiffs' Response

The plaintiffs, if intending to proceed against NBK and Willow, must directly respond to this Order by electronically filing a separate letter or brief on the docket. The plaintiffs may not merely file proof of service upon NBK and Willow, as that will not be tantamount to compliance with this Opinion, the Federal Rules of Civil Procedure, or the Local Civil Rules.

---

[3] The Court will, if necessary, balance the Poulis factors. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

## II.  THE FICTITIOUS DEFENDANTS

The parties were earlier ordered to complete fact discovery in the action by August 15, 2012.  (See dkt. entry no. 56, 6-7-12 Order.)  That deadline passed nearly ten months ago.  Nonetheless, the plaintiffs have failed to name the Fictitious Defendants.

"The case law is clear that fictitious defendants must eventually be dismissed, if discovery yields no identities." Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citation omitted) (internal quotation marks omitted); see also Sheetz v. Morning Call, Inc., 747 F.Supp. 1515, 1534-35 (E.D. Pa. 1990), aff'd on other grounds, 946 F.2d 202 (3d Cir. 1991).  Because the plaintiffs have failed to name the Fictitious Defendants, the Court will dismiss those defendants from the action.

## III. CONCLUSION

The Court, for good cause appearing: (1) will dismiss the Fictitious Defendants from the action; and (2) intends to dismiss the Second Amended Complaint insofar as it is asserted against NBK and Willow unless good cause is otherwise shown.  The Court will enter a separate Order and Judgment.

___ s/ Mary L. Cooper ___
**MARY L. COOPER**
United States District Judge

Date:     June 10, 2013